FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2013 DEC 10 P 4:31

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| JENNIFER SULLIVAN, <br><br>AND<br><br>ROBERT SULLIVAN,<br><br>   PLAINTIFFS,<br><br>V.<br><br>THE FEMALE PELVIC MEDICINE<br>INSTITUTE OF VIRGINIA, P.C.<br>   SERVE:<br>   WYATT S. BEAZLEY IV<br>   200 SOUTH 10TH STREET<br>   SUITE 1600<br>   RICHMOND, VA 23219<br><br>AND<br><br>DR. NATHAN GUERETTE,<br>   SERVE:<br>   DR. NATHAN GUERETTE<br>   FPMI OF VIRGINIA, P.C.<br>   1401 JOHNSTON WILLIS DRIVE<br>   SUITE 1100<br>   NORTH CHESTERFIELD, VA 23235<br><br>   DEFENDANTS. | Civil Action No.: 3:13CV823 |

COMPLAINT

Plaintiffs Jennifer Sullivan and Robert Sullivan, by counsel, complain of the Female Pelvic Medicine Institute of Virginia and Dr. Nathan Guerette as follows:

NATURE OF CLAIMS

1. This Complaint arises out of the Female Pelvic Medicine Institute of Virginia, P.C.'s ("FPMI") and Dr. Nathan Guerette's ("Dr. Guerette") (together, "Defendants'")

termination of Plaintiff Jennifer Sullivan ("Mrs. Sullivan") for the purpose of avoiding future payments to fund Ms. Sullivan's participation in FPMI's employee benefit plan for health care benefits ("the Plan") and for the purpose of reducing overall Plan costs that had increased because of the inclusion of Mrs. Sullivan's husband, Robert Sullivan ("Mr. Sullivan")(together, "the Sullivans"), as a beneficiary. As such, the Defendants' termination of Mrs. Sullivan was unlawful and violated the Sullivans' rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 because the Sullivans' action arises under ERISA, 29 U.S.C. 1001, et seq.

3. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391 and 29 U.S.C. § 1132(e)(2) because the acts complained of occurred within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

4. Mrs. Sullivan is a female U.S. citizen and resident of Cartersville, Virginia. At all times relevant to the matters alleged herein, Mrs. Sullivan was a plan participant under the ERISA employee benefit plan for health care benefits provided by FPMI. Mrs. Sullivan has been damaged by the unlawful acts of Defendants and/or their agents.

5. Mr. Sullivan is a male U.S. citizen and resident of Cartersville, Virginia. At all times relevant to the matters alleged herein, Mr. Sullivan was a plan beneficiary under the ERISA employee benefit plan for health care benefits provided by FPMI. Mr. Sullivan has been damaged by the unlawful acts of Defendants and/or their agents.

6. FPMI is incorporated and doing business in the Commonwealth of Virginia. FPMI, at all times pertinent hereto, was Mrs. Sullivan's employer and provided the Sullivans' benefits under the Plan.

7. Dr. Guerette is the President, Secretary, and Treasurer of FPMI. Upon information and belief, Dr. Guerette is a male U.S. citizen and resident of Richmond, Virginia. Dr. Guerette is liable as an individual officer who authorized an adverse employment action for the purpose of interfering with the rights and benefits of a plan participant under ERISA.

## FACTUAL ALLEGATIONS

8. Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth here.

9. Mrs. Sullivan began working as a full-time employee of FPMI in May 2012.

10. Mrs. Sullivan was offered and enrolled both herself and Mr. Sullivan in the Plan effective June 1, 2012.

11. The Plan constituted an employee benefits plan under ERISA. The Plan was administered by Cindy Brown ("Ms. Brown"), FPMI's Office Manager.

12. Mrs. Sullivan enjoyed working for FPMI, and her tenure at the company was, by all accounts, very successful. Sullivan performed her duties at or above the level reasonably expected by Defendants.

13. In March of 2013, Mrs. Sullivan received a promotion and began working as the Human Research Study Coordinator.

14. During Mrs. Sullivan's employment with FPMI, the Sullivans took advantage of the benefits offered by the Plan. Both Mrs. Sullivan and Mr. Sullivan have health conditions that resulted in the Plan incurring substantial costs.

15. Both Dr. Guerette and Ms. Brown knew of the Sullivans' health conditions. Mrs. Sullivan discussed her health conditions with Dr. Guerette and discussed both her and her husband's ailments with Ms. Brown.

16. In January of 2013, Mr. Sullivan underwent two rotator cuff surgeries related to treatment for Parkinson's disease.

17. During the first quarter of 2013, Dr. Guerette asked Ms. Brown "why am I paying $1,200 for her?! This is ridiculous!" or words to that effect.

18. Upon information and belief, Dr. Guerette's statement referred to the cost of Mrs. Sullivan's monthly insurance premiums and/or the increased cost of providing the Sullivans necessary medical treatment under the Plan.

19. Around May of 2013, when it came time to renew the Plan, FPMI conducted a reevaluation of benefits.

20. As part of this reevaluation of benefits, insurance agent Dick White ("Mr. White") met with a group of FPMI employees. Mr. White announced that the company insurance plan was shifting from a $500 deductible to a $3,000 deductible, and that the prescription drug card would be eliminated.

21. Several FPMI employees expressed dissatisfaction with this proposed change.

22. In response to the expressed dissatisfaction of these employees, Mr. White stated that he would not point any fingers, but that one employee had incurred significant medical expenses in the last year.

23. Mr. White's statement was about Mrs. Sullivan and Mr. Sullivan's medical treatment.

24. FPMI implemented this new employee health plan (the "New Plan") on June 1, 2013. Soon thereafter employees again complained about the New Plan. For example, employees complained that under the New Plan, certain doctors' visits were no longer covered and prescription drug co-payments had increased dramatically.

25. In mid-June, Ms. Sullivan talked to both Mrs. Brown and Dr. Guerette about steps the practice could take to reduce the cost of employee health insurance, such as obtaining insurance through the Medical Society of Virginia Insurance Agency.

26. In late June, after the New Plan had been implemented for several weeks and after employees had raised complaints, Ms. Brown and Mr. White had a number of phone calls. Upon information and belief, the topic of these phonce conversations was Ms. Sullivan and her claims for medical costs.

27. Approximately three days later, on June 27, 2013, Ms. Brown terminated Mrs. Sullivan's employment at Dr. Guerette's direction.

28. The stated reason for Mrs. Sullivan's termination was that Mr. Guerette was "taking the practice in another direction" and that Mrs. Sullivan "would not be going in that direction."

29. The stated reason for Mrs. Sullivan's termination was pretext and not the true reason for her termination. Defendants articulated this pretextual reason for the purpose and with the intent of hiding the true reason for Mrs. Sullivan's termination.

30. Defendants terminated Mrs. Sullivan for the purpose and with the intent of interfering with her rights under the Plan.

31. Dr. Guerette replaced Mrs. Sullivan by rehiring an employee whom he had previously terminated for cause.

5

32. Upon information and belief, the employee who replaced Mrs. Sullivan did not require medical insurance for herself or any family members.

33. FPMI and Dr. Guerette's decision to terminate Mrs. Sullivan was taken and implemented in willful, blatant and intentional disregard of, and in violation of, Mrs. Sullivan's rights under ERISA.

## COUNT ONE
## ERISA Section 510 (29 USC § 1140)
### *Against both Defendants*

34. The foregoing allegations are incorporated as if re-alleged herein.

35. All of the acts of FPMI's employees alleged herein were undertaken in the course and within the scope of their employment and on behalf of FPMI.

36. Pursuant to 29 U.S.C. 1140, "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for . . . the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."

37. Defendants terminated Mrs. Sullivan's employment for the purpose of interfering with a protected right under ERISA. Specifically, Dr. Guerette terminated Mrs. Sullivan's employment for the purpose of avoiding future payments to fund Mrs. Sullivan's participation in the Plan.

38. The reason that Defendants offered for Mrs. Sullivan's termination was pretext and not the true reason.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against the Defendants on the above-stated count, and that in addition this Court issue an Order

granting the following:

(i) Declaring that the acts and practices complained of herein are in violation of the Plaintiffs' rights as secured by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.;*

(ii) Requiring and issuing a mandatory injunction directing the Defendants to reinstate Plaintiff Jennifer Sullivan to a position of equal duties and responsibilities as she would have received but for the Defendants' conduct, with equal pay and benefits retroactive to June 27, 2013, or in the alternative for an award of judgment for back pay and benefits under ERISA;

(iv) Awarding Plaintiffs an amount sufficient to offset any adverse tax consequences resulting from a lump sum award or an award of other relief in this action because they were required to file suit to enforce their federally protected rights;

(vi) Awarding Plaintiffs incidental and consequential damages, actual attorney's fees and costs of this action, including expert witness fees; and

(vii) Awarding Plaintiffs such other and further relief as may be appropriate under the circumstances.

**PLAINTIFFS DEMAND TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

JENNIFER SULLIVAN and

ROBERT SULLIVAN

By Counsel

Lauren Fisher (VSB #80360)
Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley & Schulte, P.C.

7

2020 Monument Avenue
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [facsimile]
tim.schulte@shelleyschulte.com
blackwell.shelley@shelleyschulte.com
lauren.fisher@shelleyschulte.com